CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 27 2017

JULIA C. DUDLEY, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILMER JEROME KNIGHT, | ) | CASE NO. 7:17CV00231 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| A. CUTCHENS, ET AL., | ) | |
| | ) | By: Glen E. Conrad |
| Defendant. | ) | United States District Judge |

Wilmer Jerome Knight, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983 alleging that prison officials brought a false disciplinary charge against him for obscene acts, retaliated against him by bringing an additional disciplinary charge against him for filing complaints about the initial incident under the Prison Rape Elimination Act ("PREA"), and caused him to be placed in segregated confinement. Knight has not prepaid the requisite filing fee and applies to proceed in forma pauperis. Upon review of the record, the court finds that the action must be summarily dismissed without prejudice based on Knight's prior civil actions that have been dismissed as frivolous or for failure to state claim.

The Prison Litigation Reform Act of 1995 substantially amended the in forma pauperis statute, 28 U.S.C. § 1915. The purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Knight has brought such actions or appeals on three or more prior occasions. See Knight v. Vanover, No. 7:12CV00337 (W.D. Va. Oct. 19, 2012) (dismissed without prejudice under 28 U.S.C. § 1915A(b)(1) as frivolous); Knight v. Woody, No. 3:10CV00351 (E.D. Va. Jan. 11, 2012) (dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim after opportunity to amend); Knight v. Johnson, No. 3:10CV648 (E.D. Va. Sept. 14, 2011) (dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim after opportunity to amend). Accordingly, Knight may proceed in forma pauperis (without prepayment of the filing fee) only if he can show that he faces imminent danger of serious physical injury. § 1915(g).

Knight's current allegations do not suggest that he was in imminent danger of any physical injury related to his claims at the time he filed his complaint. Because the records reflect that Knight has at least three "strikes" under § 1915(g) and he has not demonstrated that he is in imminent danger of physical harm, the court denies him the opportunity to proceed in forma pauperis and dismisses the complaint without prejudice under § 1915(g). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 27th day of July, 2017.

_____
United States District Judge